FILED
CLERK
9/30/2016 4:23 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
DLJ MORTGAGE CAPITAL INC.,

                Plaintiff,

  v.-

                                              **ORDER**
                                              15-CV-3748 (JMA) (GRB)

CLAUDE LAWRENCE, et al.

                Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Plaintiff DLJ Mortgage Capital Inc. has moved, under 28 U.S.C § 1447, to remand this removed action back to the First District Court of Nassau County, Landlord-Tenant Part. Plaintiff contends that pro se defendant Claude Lawrence failed to file his notice of removal within the thirty-day time period prescribed by 28 U.S.C. § 1446. For the reasons stated below, the Court finds that the notice of removal was untimely and remands this proceeding back to state court.

      Prior to the commencement of the instant lawsuit, plaintiff brought a foreclosure action concerning a property at 193 Belmont Boulevard, Elmont, New York, against Lawrence and other defendants in Nassau County Supreme Court. On December 4, 2013, the state court entered a judgement of foreclosure and sale. (Aff. of Owen Robinson ("Robinson Aff.") Ex. F, ECF No. 9.)

      On April 9, 2015, plaintiff commenced the instant holdover eviction proceeding by filing a Notice of Petition in the First District Court of Nassau County, Landlord-Tenant Part. According to plaintiff's affidavits of service, Lawrence was served on April 15, 2015, when, after two unsuccessful attempts at personal service, the process server affixed a copy of the notice of petition and a copy of the petition to Lawrence's door and mailed additional copies to

1

the same address via certified and first class mail. (See Robinson Aff. Exs. I, J.) On April 22, 2015, Lawrence appeared in the eviction proceeding by filing a motion to dismiss. (Id. at Ex. I.) The state court denied the motion to dismiss on April 24, 2015. (Id. at Ex. L.) Lawrence did not challenge service in the motion to dismiss. (Id. at Ex. K.) On May 27, 2015, Lawrence filed an "Answer Objections in Points of Law Pursuant to CPLR § 404," which disputed service and raised other defenses to plaintiff's petition. (Aff. of Claude Lawrence, Ex. B, ECF No. 10.)

On June 26, 2015, Lawrence removed the eviction proceeding to this Court by filing a notice of removal. In conjunction with the notice of removal, Lawrence filed various counterclaims and a motion to dismiss based on improper service.

On July 22, 2015, plaintiff filed a pre-motion conference letter, seeking to remand this action because the notice of removal was untimely. (See Letter Mot., ECF No. 4.) Plaintiff also argued that Lawrence's counterclaims are barred by res judicata and the Rooker-Feldman doctrine. (Id.) In an order dated November 19, 2015, the Court construed plaintiff's letter as a motion to remand this action to state court and set a schedule for supplemental briefing. (Order entered Nov. 19, 2015, ECF No. 5.) Plaintiff then filed a memorandum of law along with documents from the proceedings in state court. (See ECF Nos. 8 & 9.) Lawrence filed various documents in opposition, including a filing that he styled as a motion to strike plaintiff's memorandum of law. (See Mtn. to Strike, ECF No. 10.)

Removal of an action from state court is governed by 28 U.S.C § 1446, which provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2

28 U.S.C. § 1446(b)(1).

Lawrence contends that the thirty-day deadline for him to file a notice of removal has yet to expire because "[d]efendant(s) were not properly serve[d with] (sic) the notice of petition and petition." (Notice of Removal ¶ 1, ECF No. 1.) Defendant's argument is meritless.

Under New York C.P.L.R. § 320(b), "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211." N.Y. C.P.L.R. § 320(b). According to New York C.P.L.R. § 3211, "[a]n objection based upon a ground specified in paragraph eight [of]. . . subdivision (a)," which concerns the defense that personal jurisdiction is lacking, "is waived if a party moves on any of the grounds set forth in subdivision (a) [of C.P.L.R. § 3211] without raising such objection or if, having made no objection under subdivision (a), he or she does not raise such objection in the responsive pleading." N.Y. C.P.L.R. § 3211. Under C.P.L.R. § 3211, a party waives "the affirmative defense of lack of personal jurisdiction due to improper service by making a pre-answer motion to dismiss . . . without including their jurisdictional objection." Montcalm Pub. Corp. v. Pustorino, 125 A.D.2d 188, 188–89, 508 N.Y.S.2d 455, 456–57 (N.Y. App. Div. 1st Dep't 1986). "A defendant may not, upon denial of the motion under CPLR 3211 which omits a jurisdictional defense, serve an answer containing the jurisdictional defense." Id.

Here, Lawrence appeared in state court and filed a motion to dismiss that did not dispute service. Accordingly, Lawrence waived any challenge to service. Under C.P.L.R. § 320, service is deemed to have occurred on April 22, 2015, when defendant appeared in state court and filed his motion to dismiss.

Because Lawrence filed his notice of removal on June 26, 2015, more than thirty days after April 22, 2015—the date on which service is deemed to have occurred—the notice of removal was untimely and removal was improper. Accordingly, the case is remanded to state court.

Finally, Lawrence has filed counterclaims, some of which he contends are based on federal law, in response to plaintiff's notice of petition. The Court notes that, despite Lawrence's characterization of the counterclaims, all of the counterclaims appear to be state law claims. In any event, even if Lawrence did raise federal counterclaims, those counterclaims do not provide a basis for federal jurisdiction over this action and do not alter the Court's conclusion that remand is appropriate here. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 832 (2002); Calabro v. AniqaHalal Live Poultry Corp., 650 F.3d 163, 166 (2d Cir. 2011) ("[I]t is well established that a defendant may not evade [the well-pleaded complaint rule] by raising a federal question in its responsive pleadings and then attempting to remove on that basis.").

This case is hereby remanded to the First District Court of Nassau County, Landlord-Tenant Part. The Clerk of Court is directed to the close this case.

**SO ORDERED.**
Dated: September 30, 2016
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge